NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WESLY ARISTIL,                                    )
                                                  )
            Appellant,                            )
                                                  )
v.                                                )        Case No. 2D15-1195
                                                  )
STATE OF FLORIDA,                                 )
                                                  )
            Appellee.                             )
_____)

Opinion filed May 13, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Collier County; Frederick R. Hardt,
Judge.

Keith W. Upson of the Upson Law
Group, P.L., Naples, for Appellant.


MORRIS, Judge.

            Wesly Aristil appeals the summary denial of his motion for postconviction

relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  We affirm without

comment the summary denial of grounds two, four, and five.  Because the record

excerpts attached to the postconviction court's order do not conclusively refute the

claims raised in grounds one and three, we reverse in part.

            A jury convicted Aristil of sale of cocaine and possession with intent to

sell, deliver, or manufacture cocaine.  The charges arose from a controlled sale by the

suspect to an undercover detective through the passenger window of the vehicle in which the detective was sitting. The detective was the State's only identification witness at trial.

In his sworn postconviction motion, Aristil claimed that his trial counsel was ineffective for failing to cross-examine the detective on whether he had seen a tattoo on the suspect's "hand or hands." Additionally, he maintained that counsel failed to have Aristil show the jury his hands when he was on the witness stand. According to Aristil's motion, his hand or hands was or were "clearly tattooed" and would have been "unmistakable and obvious to anyone" when he allegedly committed the offense.

The postconviction court summarily denied relief on this issue, finding that Aristil's counsel cross-examined the detective extensively about his identification of Aristil as the suspect. The court attached the complete trial transcript to its order.

The trial transcript does not conclusively refute Aristil's facially sufficient claim that there is a reasonable probability his counsel's failure to dispute the State's only identification evidence affected the outcome of his trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As a result, the postconviction court erred in summarily denying grounds one and three of Aristil's motion for postconviction relief without first conducting an evidentiary hearing. See Balmori v. State, 985 So. 2d 646, 649 (Fla. 2d DCA 2008) (requiring evidentiary hearing when movant alleges specific facts not conclusively rebutted by record that demonstrate a deficiency in trial counsel's performance that, within reasonable probability, prejudiced trial outcome). We note that it is possible an evidentiary hearing would reveal whether Aristil's trial counsel had a strategic or other valid reason to avoid pursuing this issue at trial.

Accordingly, we reverse and remand for an evidentiary hearing on Aristil's claims in grounds one and three.  In all other respects, we affirm the postconviction court's order.

Reversed and remanded with directions.

WALLACE and LaROSE, JJ., Concur.